IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MARTHA BELL, §
 §
    Petitioner, §
 §
VS. § NO. 4:10-CV-928-A
 §
JOE KEFFER, WARDEN, FEDERAL §
MEDICAL CENTER-CARSWELL, §
 §
    Respondent. §

MEMORANDUM OPINION
and
ORDER

The above-captioned action was initiated by the filing on December 7, 2010, of a petition for writ of habeas corpus under 28 U.S.C. § 2241 by petitioner, Martha Bell. Respondent, Joe Keffer, Warden, Federal Medical Center-Carswell, moved to dismiss the petition for lack of jurisdiction. After having considered such petition and motion, the other items filed by the parties, and applicable legal authorities, the court has concluded that respondent's motion has merit, and that this action should be dismissed.

I.

Petitioner's Convictions and Sentences
and Post-Conviction Activities

In July-August 2005 petitioner was tried before a jury in the United States District Court for the Western District of

Pennsylvania for offenses charged by an eleven-count indictment. Count One charged petitioner with a scheme and artifice to defraud a health care benefits program in violation of 18 U.S.C. § 1347, and Counts Two through Eleven charged her with making materially false, fictitious, and fraudulent statements and representations in connection with the delivery of and payment for health care benefits, items, and services, in violation of 18 U.S.C. § 1035(a)(2). On August 24, 2005, the jury returned verdicts finding petitioner guilty as charged by Counts One through Six, Eight, Nine, and Eleven. By judgment signed October 27, 2006, petitioner was sentenced to a term of imprisonment of 60 months as to each count of conviction, all terms to run concurrently with the others. The terms of imprisonment were ordered to be followed by a three-year term of supervised release. Petitioner was ordered to pay a fine of $50,000.00.

Petitioner's convictions and sentences were affirmed by the United States Court of Appeals for the Third Circuit in June 2008. United States v. Bell, 282 F. App'x 184, 2008 WL 2315886 (3d Cir. June 6, 2008). In June 2009 petitioner filed in the Western District of Pennsylvania a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, which was denied in May 2010.

United States v. Bell, No. 2:09-CV-0739, 2010 WL 1854113 (W.D. Penn. May 3, 2010).

## II.

## Nature of Petitioner's Claim

A. General Statement of Petitioner's Claim and Her Contention That She Has Right to File Under § 2241

Petitioner asserts in her petition under § 2241 that she is actually innocent of the offense charged by Count One of the indictment; and, she maintains that her eight false-statement convictions were so inextricably intertwined with the Count One conviction that all of her convictions must be reversed. Her claim of actual innocence is based on her contentions that (1) the trial court's instructions to the jury included an instruction that she could be found guilty of the offense charged by Count One if the jury were to conclude that she participated in a scheme or artifice to deprive another of the intangible right of honest services, as contemplated by 18 U.S.C. § 1346, (2) the nature of the trial evidence was such that the jury necessarily found her guilty of Count One based on the honest services instruction, and (3) she, therefore, based on the

holding in <u>Skilling v. United States</u>, 561 U.S. ---, 130 S. Ct. 2896 (2010), was convicted of a nonexistent offense.[1]

A claim of actual innocence like the one asserted by petitioner ordinarily would be required to be brought in the court of conviction and sentencing in a motion under § 2255. As justification for seeking relief under § 2241, petitioner contends that her claim comes within the so-called § 2255 "savings clause," which reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

Presumably, petitioner seeks relief under § 2241 pursuant to the savings clause because she is precluded by the limitations on filing second or successive motions from filing a second motion under § 2255 asserting her <u>Skilling</u>-based claim. Petitioner can file a second motion under § 2255 only if she obtains

---

[1] The court does not find petitioner's argument that all of her other convictions should be reversed if her conviction as to Count One is reversed altogether coherent; however, the court does not need to deal with that contention further in this memorandum opinion.

certification from the appropriate court of appeals that such motion relies on either (1) newly discovered evidence that would change the guilty verdict, or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable." 28 U.S.C. § 2255(h). Inasmuch as petitioner's <u>Skilling</u> claim relies on neither newly discovered evidence nor a new rule of constitutional law, she would not be able to obtain the required certification to proceed under § 2255.

B.  <u>The Trial Judge's Jury Instruction Upon Which Petitioner's *Skilling* Contention is Based</u>

Count One of the indictment charged that petitioner participated in a scheme and artifice to defraud health care benefit programs in violation of 18 U.S.C. § 1347. According to petitioner, she is entitled to relief under <u>Skilling</u>[2] by virtue of an instruction given to the jury by the trial judge that authorized the jury to find her guilty of the Count One offense if the jury found that she participated in a scheme to deprive a health care benefit program of the right to honest services.

---

[2] The holding of <u>Skilling</u> upon which petitioner relies is that § 1346 criminalizes only conduct involving bribes or kickbacks. <u>Skilling v. United States</u>, 561 U.S. ---, 130 S. Ct. 2896, 2931 (2010).

5

Part of the trial judge's instruction to the jury relative to Count One was as follows:

> Count One of the indictment charges that . . . Martha Bell . . . did knowingly and willfully execute and attempt to execute a scheme and artiface [sic] to defraud health care benefit programs . . . .

Mot. to Dismiss, App. at 15. Included in the trial judge's instructions to the jury relative to Count One were the following:

> In order to sustain its burden for the crime of health care fraud, the government must prove the following four essential elements beyond a reasonable doubt.
>
> One, defendants executed or attempted to execute a scheme or artiface [sic] to defraud a health care benefit program . . . .
>
> . . . .
>
> A scheme or artiface [sic] to defraud includes a scheme to deprive another person of tangible, as well as intangible, property rights. Intangible property rights means anything valued or considered to be a source of wealth, including, for example, <u>the right to honest services</u> and the right to decide how one's money is spent.

<u>Id.</u> at 21-23 (emphasis added).

III.

Analysis

The Fifth Circuit "has interpreted § 2255(e) to mean that there are three factors that must be satisfied for a petitioner

6

to file a § 2241 petition in connection with § 2255's savings clause." Garland v. Roy, 615 F.3d 391, 394 (5th Cir. 2010) (internal quotation marks omitted). Those three factors are:

> (1) the petition raises a claim "that is based on a retroactively applicable Supreme Court decision"; (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and (3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."

Id.

The parties are in agreement that Skilling is a retroactively applicable Supreme Court decision as contemplated by the first factor. The concurrence of the parties on that subject is consistent with the law of the Fifth Circuit that "new decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively." Id. at 396.

While the parties are in serious disagreement as to whether petitioner can establish the existence of the third factor, the court is assuming for the sake of discussion that she can. If there was any evidence received at petitioner's criminal trial that would have allowed the jury to convict her on the theory that she deprived a health care benefit program of its right to

honest services, the trial court's instructions to the jury would have permitted the jury to base a verdict of guilty on that theory. And, if she was convicted on that theory, her conviction would be contrary to <u>Skilling</u> because it would not be based on evidence that she received a bribe or a kickback.[3] Thus, petitioner reasons, perhaps correctly, that she may have been convicted of a nonexistent offense.

However, the court has concluded that petitioner falls short as to the second factor, i.e., that the claim that she may have been convicted of a nonexistent offense was previously foreclosed by circuit law at the time when it should have been raised in her trial, her appeal, or her first § 2255 motion. In the instant action, the circuit law with which the court is concerned is the law of the Third Circuit, where petitioner was tried, her appeal was taken, and her first § 2255 motion was filed. At the heart of petitioner's claim of innocence is her complaint that the trial judge erred in giving the "right to honest services" jury instruction. The court has studied the Third Circuit court decisions that appear to bear on this factor, and has concluded

---

[3]The court is assuming that there was no trial evidence that petitioner received a bribe or kickback as part of the Count One scheme or artifice to defraud. Even if there had been evidence to that effect, the trial court's charge to the jury would have been defective because it did not limit the instruction to the jury concerning "the right to honest services" in such a way that it would apply only if the jury found that petitioner accepted a bribe or a kickback.

that none of those decisions foreclosed an argument by petitioner at the time of her trial, appeal, or first § 2255 motion that the trial judge erred in giving the jury the "right to honest services" instruction. A complaint by petitioner of the giving of such an instruction at any of those stages of her proceedings would not have been against the grain of any of any Third Circuit law of which the court has been made aware.

Therefore, the court has concluded that petitioner has not satisfied all three factors that would authorize her to invoke the § 2255 savings clause. As a consequence, this court has no jurisdiction to entertain what would have to be viewed to be a § 2255 motion absent a successful invocation of the savings clause.

IV.

Order

For the reasons stated above,

The court ORDERS that petitioner's motion under 28 U.S.C. § 2241 be, and is hereby, dismissed for lack of jurisdiction.

SIGNED March 3, 2011.

JOHN McBRYDE
United States District Judge

9